IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy F. Smith,                           :
                                            :
                    Petitioner              :
                                            :
        v.                                  : No. 659 C.D. 2022
                                            : Submitted: April 21, 2023
Pennsylvania Game Commission                :
(Workers' Compensation Appeal               :
Board),                                     :
                                            :
                    Respondent              :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: August 7, 2023


        Timothy F. Smith (Claimant) petitions for review of the order of the
Workers' Compensation Appeal Board (Board) affirming the decision of a workers'
compensation judge (WCJ) that granted the Modification Petition of the
Pennsylvania Game Commission (Employer) based on an Impairment Rating
Evaluation (IRE), and modified Claimant's benefits from total to partial disability
status. Claimant challenges as unconstitutional the retroactive application of Act
111 of 2018 (Act 111), which added Section 306(a.3) of the Workers' Compensation

Act (WC and Act, respectively),[1] altering the criteria for determining a claimant's disability status and providing that an impairment rating of less than 35% constitutes a partial disability, and providing a credit for disability payments already made. Claimant maintains that Act 111 cannot be constitutionally applied to workers whose injuries occurred before October 24, 2018, the effective date of Act 111. We affirm.

The facts are not in dispute. On May 19, 2010, Claimant sustained a work-related neck injury while in the course and scope of his employment. Pursuant to a November 9, 2011 WCJ decision, Claimant's Claim Petition for WC benefits was granted. In an August 16, 2013 decision relating to a Review Benefits Offset Petition, the WCJ indicated that Claimant was continuing to receive WC benefits and clarified the amount of a pension offset and an unemployment compensation credit. In a July 18, 2017 decision approving a Stipulation relating to a Review Compensation Benefits Petition, Claimant's injury description was amended and the ongoing pension offset was confirmed.

On October 7, 2021, Employer filed the instant Modification Petition based on an IRE following an examination by Lucien Bednarz, M.D. (Dr. Bednarz), on August 27, 2021. *See* Reproduced Record (RR) at 1a-10a. At a November 9, 2021 WCJ hearing, no testimony was taken, and Claimant stipulated to the admission of Dr. Bednarz's IRE Report. Claimant also indicated that he was not presenting any evidence, and that the Modification Petition was being defended based upon a constitutional challenge. *See id.* at 27a-28a.

On December 28, 2021, the WCJ issued a decision and order granting Employer's Modification Petition in which he made the following relevant finding of fact:

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. §511.3.

2

> []Claimant does not dispute that he attended an [IRE] with Dr. Bednarz on August 27, 2021[,] and that Dr. Bednarz found that he had a 16% whole[-]person impairment. Pursuant to Act 111, this is sufficient to deem all future benefits partial disability and counting towards the five hundred[-]week limit pursuant to the Act. Employer is entitled to a modification of Claimant's wage loss benefits from temporary total disability [(TTD)] to temporary partial disability [(TPD)] effective August 27, 2021. Consistent with the above decisions, Claimant received more than 104 weeks of temporary total disability benefits. Dr. Bednarz concluded that [] Claimant had reached maximum medical improvement and had a total impairment rating of 16%.

WCJ 12/28/21 Decision at 3.

Accordingly, the WCJ issued an order granting Employer's Modification Petition, and modifying Claimant's WC benefits from TTD to TPD effective August 27, 2021. *See* WCJ 12/28/21 Decision at 5. The Board affirmed the WCJ's decision on appeal, and Claimant filed this petition for review of the Board's order.[2]

The only claim that Claimant raises on appeal is that the Board erred in affirming the WCJ's decision because the provisions of Act 111 are unconstitutional. Specifically, Claimant argues that Act 111 violates his rights as guaranteed by the Due Process and Remedies Clauses of article I, sections 1 and 11 of the Pennsylvania Constitution,[3] and his right to "reasonable compensation" as guaranteed by article III, section 18 of the Pennsylvania Constitution.[4]

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[3] Pa. Const. art. I, §§1, 11.

[4] Pa. Const. art. III, §18.

However, as acknowledged by Claimant in his appellate brief, this Court has previously rejected these precise constitutional claims. As a result, we will not accede to Claimant's request to reexamine our prior precedent, and we rely upon the rationales expressed in our prior opinions to affirm the Board's order in this case. *DiPaolo v. UPMC Magee Women's Hospital (Workers' Compensation Appeal Board)*, 278 A.3d 430 (Pa. Cmwlth. 2022), *appeal denied*, 290 A.3d 237 (Pa. 2023); *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company, LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.2d 378 (Pa. 2021); *Hardik v. Community Health Systems (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 385 C.D. 2022, filed May 17, 2023); *Harold v. Abate Irwin, Inc. (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 879 C.D. 2021, filed June 13, 2022).[5]

Accordingly, the Board's order is affirmed.

---

MICHAEL H. WOJCIK, Judge

---

[5] *See* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy F. Smith,          :
                                    :
              Petitioner    :
                                    :
         v.                    :   No. 659 C.D. 2022
                                    :
Pennsylvania Game Commission      :
(Workers' Compensation Appeal       :
Board),                               :
                                    :
            Respondent : 

# **O R D E R**

AND NOW, this 7<u>th</u> day of <u>August</u>, 2023, the order of the Workers' Compensation Appeal Board dated June 3, 2022, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge